## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01391

ATX NETWORKS (TORONTO) CORP.,

    Plaintiff,

v.

TECHNETIX, INC.

    Defendant.

## COMPLAINT

Plaintiff ATX Networks (Toronto) Corporation ("ATX"), by and through its undersigned attorneys, files this Complaint against Defendant Technetix, Inc. and in support alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. ATX is an Ontario, Canada corporation having an address of 100 King West Street, 1 First Canadian Place, Ste. 6200, Toronto, Ontario, Canada M5X 1B8.

3. On information and belief, Defendant Technetix, Inc. is a Colorado corporation with a principal place of business at 8490 Upland Drive Suite 200, Englewood, Colorado 80112.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. On information and belief, Defendant is subject to the specific jurisdiction of this Court on the basis of their making, use, offer for sale, sale, or import into the United States of infringing goods within the jurisdiction of this Court.

6. On information and belief, Defendant is subject to the general jurisdiction of this Court as a Colorado corporation with its principal place of business in Colorado.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. On April 3, 2012, after a full and fair examination, the United States Patent and Trademark Office issued U.S. Patent No. 8,149,070 (hereinafter "the '070 Patent"), entitled "Chockless Power Coupler," as shown in Exhibit A.

9. ATX is the owner of all right, title, and interest in and to the '070 Patent, including the right to sue for patent infringement.

10. The claims of the '070 Patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

11. The '070 Patent relates generally to a multi tap device used in cable television systems to deliver audio, video, and data through a coaxial cable network to and from cable television subscribers.

12. This is achieved via multi tap boxes connected along a main coaxial line that redirect and route a small portion of the radio frequency signal—*i.e.,* "tap"—to a cable television subscriber, while simultaneously allowing most of the radio frequency signal to continue along the main coaxial line to other multi tap boxes and subscribers.

13. However, an increased number of multi-tap boxes used along a main line results in a higher loss of signal, thereby diminishing the service quality of signal delivered to subscribers.

14. Hence, the invention contemplated by the '070 Patent aims to minimize loss of signal across the main line interconnecting the multi tap system, thereby improving overall service quality of the signal delivered to subscribers.

15. On information and belief, Defendant makes, uses, sells, offers for sale and/or imports into the United States multi-tap devices, including but not limited to the OTTZ 1.8 GHz outdoor multitap product (hereinafter "Accused Product").

16. On information and belief, Defendant advertises the Accused Product at the webpage at https://americas.technetix.com/ottz-taps/, as shown in Exhibit B.

17. On information and belief, the website at https://americas.technetix.com is directed to purchasers in the United States.

18. On information and belief, Defendant makes, uses, sells, offers for sale and/or imports into the United States related devices, including, as a non-limiting example, its XFO Faceplate-Only 1.8 GHz Upgrade Motorola Multitap product.

19. Technetix Group Limited ("TGL") is a United Kingdom limited company with its principal place of business at Innovation House Technetix Business Park, Albourne, West Sussex, BN6 9EB, United Kingdom.

20. On October 24, 2023, TGL was placed on notice of the '070 Patent and of its direct and induced contributory infringement of the '070 Patent under 35 U.S.C. § 271.

21. On information and belief, Defendant is a wholly-owned subsidiary of TGL.

22. On information and belief, TGL directs and targets its sales and distribution efforts in the Americas markets, specifically the United States, through Defendant.

23. On information and belief, Defendant works at the direction and/or in conjunction of TGL and its corporate officers regarding TGL's activities in the United States.

24.    Therefore, notice of the '070 Patent to TGL constitutes notice to Defendant.

## COUNT I
## INFRINGEMENT OF THE '070 PATENT

25.    ATX incorporates the paragraphs 1 to 24 by reference as if fully set forth herein.

26.    On information and belief, as shown in the preliminary exemplary claim chart in Exhibit C, in violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to infringe the '070 Patent by making, using, offering for sale, selling, and/or importing at least the Accused Product.

27.    Defendant was placed on notice of the '070 Patent and its infringement of the '070 Patent at least as early as upon receipt of the letter from ATX referenced above and has had such knowledge at least as early as that time.

28.    On information and belief, Defendant actively, knowingly, and intentionally has been and continues to induce others' infringement of the '070 Patent by selling at least the Accused Product and by instructing Defendant's customers and other end users to use at least the Accused Product in a manner that directly infringes one or more claims of the '070 Patent, thereby resulting in Defendant infringing the '070 Patent in violation of 35 U.S.C. § 271(b).

29.    ATX has been damaged as a result of Defendant's infringing conduct.

30.    Defendant is liable to ATX in an amount that adequately compensates for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

31.    Defendant's infringement of the '070 Patent has been willful at least because Defendant received notice of its infringement at least as early as on or about October 24, 2023, when Defendant's parent company received the letter from ATX referenced above, yet Defendant continued to deliberately and intentionally commit acts of infringement by at least making, using,

selling, offering to sell and/or importing at least the Accused Product, and/or instructing others to use at least the Accused Product in an infringing manner, with knowledge of infringement of the '070 Patent.

32. On information and belief, Defendant will continue its infringement of the '070 Patent unless enjoined by the Court.

33. Defendant's infringing conduct has caused ATX irreparable harm and will continue to cause such harm without the issuance of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, ATX prays that this Court enter judgment in favor of ATX and against Defendant as follows:

A. That Defendant has directly and indirectly infringed the '070 Patent in violation of 35 U.S.C. § 271(a) & (b);

B. That Defendant, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with its are enjoined from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the '070 Patent;

C. That Defendant file with the Court and promptly serve on counsel for ATX, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which Defendant has complied with the injunction;

D. That Defendant pay damages adequate to compensate ATX for its acts of infringement, pursuant to 35 U.S.C. § 284;

E. That Defendant pay treble damages under 35 U.S.C. § 284 due to its willful infringement;

F. That Defendant pay pre-judgment and post-judgment interest;

G. That Defendant pay all costs associated with this action; and

H. That ATX be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

ATX demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This 17th day of May, 2024.

Respectfully submitted,

s/ N. Andrew Crain
N. Andrew Crain
Charles M. Landrum
Paul Joseph Spina IV
Ivona Relja

THOMAS | HORSTEMEYER LLP
3200 Windy Hill Road SE Suite 1600E
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
a.crain@thip.law
c.landrum@thip.law
p.spina@thip.law
i.relja@thip.law

*Attorneys for Plaintiff ATX Networks (Toronto) Corp.*

***Address of Plaintiff*:**

ATX Networks (Toronto) Corp.
100 King West Street
1 First Canadian Place Ste. 6200
Toronto, Ontario, Canada M5X 1B8