IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01391-SKC-KAS

ATX NETWORKS (TORONTO) CORP.,

    Plaintiff,

v.

TECHNETIX, INC.,

    Defendant.

---

**ORDER ADOPTING ORDER AND RECOMMENDATION (DKT. 91)
RE: PLAINTIFF'S MOTION TO LIMIT PARTS AND TO EXCLUDE OTHERS
OF DEFENDANT'S INVALIDITY CONTENTIONS (DKT. 55)**

---

Now before the Court is the Order and Recommendation (Dkt. 91) of Magistrate Judge Kathryn A. Starnella. The Recommendation suggests the undersigned deny Plaintiff's Motion to Limit Parts and to Exclude Others of Defendant's Invalidity Contentions (Motion) (Dkt. 55). Dkt. 91, p.13. It further ordered Defendant to supplement its 35 U.S.C. § 101-based invalidity contention by July 31, 2025. *Id.* As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

1

## BACKGROUND

This action centers around Plaintiff's claim that Defendant is infringing its "Chockless Power Coupler," described in U.S. Patent No. 8,149,070 (the '070 Patent). Dkt. 91, p.2. After Defendant disclosed its initial invalidity contentions under the Local Rules of Practice (Patent Rules), Plaintiff filed the Motion (Dkt. 55) and its brief in support of the Motion (Dkt. 56). *See* Dkt. 91, p.3. Plaintiff contends Defendant's invalidity contentions (1) "fail to identify specific obviousness combinations;" (2) "fail to disclose why a person of ordinary skill in the art ('POSITA') would be motivated to make the obviousness combination;" and (3) "improperly assert in a conclusory fashion that the patent-in-suit is directed to abstract ideas ineligible for patenting under 35 U.S.C. § 101." *Id.* Defendant filed its Response (Dkt. 58), and the undersigned referred the Motion to Judge Starnella (Dkt. 65).

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear

that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Starnella recommends this Court deny Plaintiff's request to limit Defendant's specific obviousness combinations supporting its invalidity contentions because, under the Local Rules of Practice, a party may amend its identified prior art and combinations thereof *if it can demonstrate good cause*. Dkt. 91, pp.5-7. Because Defendant has not attempted to amend its invalidity contentions, Plaintiff's request is in essence premature. *See id.* Judge Starnella astutely notes that if Defendant later attempts to amend its identified prior art or combinations thereof, it must demonstrate good cause. *Id.* at p.7. Similarly, Judge Starnella recommends denying Plaintiff's contention that Defendant fails to explain why a POSITA would make the disclosed combinations of prior art because she finds Defendant has, in fact, explained itself. *Id.* at pp.7-9.

She also recommends denying Plaintiff's argument that Defendant has failed to provide sufficient detail concerning its contention that the '070 Patent covers patent-ineligible content because she notes, since Defendant first set forth its patent invalidity contentions, she had ordered Plaintiff to supplement its infringement contentions after briefing on the Motion was complete. *Id.* at p.9-12. Thus, Defendant's unpatentability contentions have been eclipsed by Plaintiff's amended infringement contentions. Judge Starnella, however, aptly also noted that Defendant's explanation about its patent-ineligible content argument was lacking and thus ordered Defendant to supplement its explanation, in response to Plaintiff's amended invalidity contentions, by July 31, 2025. *Id.*

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and DENIES the Motion. Because Judge Starnella has already ordered Defendant to supplement its invalidity contention vis-à-vis unpatentable subject matter, the Court need not do anything further, but it notes Judge Starnella's order is what the undersigned would have also ordered under the circumstances.

5

DATED: August 13, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge