IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01391-SKC-KAS

ATX NETWORKS (TORONTO) CORP.

 Plaintiff,

v.

TECHNETIX, INC.

 Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

 This matter is before the Court on Plaintiff's **Motion for Issuance of Letters of Request for Witnesses in United Kingdom** [#122] (the "Motion")[1]. Defendant filed a Response [#134] in opposition to the Motion [#122]. Plaintiff filed a Reply [#143]. The Motion [#122] has been referred to the undersigned. *Order Referring Motion* [#124]. The Court has reviewed the briefing, the entire case file, and the applicable law. For the following reasons, the Motion [#122] is **GRANTED**.

## I. Background

 Plaintiff ATX Networks (Toronto) Corp. sues Defendant Technetix, Inc. for allegedly infringing its patent for a "Chockless Power Coupler," as described in U.S. Patent No. 8,149,070 (the '070 Patent). *See Am. Compl.* [#20] ¶ 8. In its current Motion, Plaintiff explains that Defendant has identified three witnesses, Paul Chapman, Gareth Shelley, and Robert Preston, who reside in the United Kingdom and possess information

---

[1] An unredacted version of the Motion is filed under restriction at [#123].

relevant to the development, use, and design of Defendant's allegedly infringing products. *Motion* [#122] at 1-2[2]. Plaintiff contends these individuals' testimony is directly relevant to its claims, including patent infringement and willful patent infringement, damages, and its defenses to Defendant's counterclaims of non-infringement and patent invalidity. *Id.* As a result, Plaintiff argues that each deposition is critically important. Because these individuals reside in the United Kingdom and are not subject to this Court's subpoena power, Plaintiff seeks issuance of letters of request pursuant to the Hague Convention.

## II.  Legal Standard

Federal Rule of Civil Procedure 28(b)(1)(A)-(B) provides that "[a] deposition may be taken in a foreign country . . . under an applicable treaty or convention [or] under a letter of request, whether or not captioned a 'letter rogatory[.]'" A letter of request is simply a request by a "domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (citation omitted). "United States courts have inherent authority to issue letters of request to foreign tribunals." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, No. 18-cv-01400-NYW, 2019 WL 13201156, at *2 (D. Colo. Sept. 12, 2019) (internal quotation and citation omitted). "The Hague Convention on the Taking of Evidence Abroad in Civil Commercial Matters (the 'Hague Convention'), of which both the United States and England are signatories, provides the mechanism by which evidence is obtained abroad through the issuance of a letter of request." *Id.* (citing 23 U.S.T. 255; 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the

---

[2] Page numbers refer to the CM-ECF numbering at the top of each page, not the document's original numbering.

2

United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reprinting the Hague Convention)); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S.D. Iowa*, 482 U.S. 522, 524 n.1 (1987) (noting that the United Kingdom is a signatory).

Whether to issue a letter rogatory or letter of request lies within the court's discretion. *See Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). However, courts "[r]outinely . . . issue letters rogatory where the moving party demonstrates that the evidence is relevant pursuant to Rule 26." *Walther-Meade v. Leidos, Inc.*, No. 22cv1777-JAH(BLM), 2023 WL 3224960, at *2 (S.D. Cal. May 3, 2023) (citing *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, No. SACV 16-00909-JVS (KESx), 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017) (noting that in deciding whether to issue a letter rogatory, "a [c]ourt decides whether the discovery sought is permissible under the Federal Rules of Civil Procedure")). A court "will not weigh the evidence that is to be adduced by deposition and will not attempt to predict, whether, in fact, the witnesses will be able to give the testimony which is sought." *United States v. Badger*, No. 2:10-cv-00935, 2013 WL 1309165, at *7 (D. Utah Mar. 31, 2013). A party opposing a motion for letters of request "must demonstrate . . . good cause or good reason why a letter request should not issue." *Badger*, 2013 WL 1309165, at *7 (citing *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) ("[T]here must be some good reason for the Court to deny a party the judicial assistance requested by means of a letter rogatory.")).

### III.  Analysis

Defendant raises two arguments in opposition to Plaintiff's Motion. *Response* [#134] at 9-10. First, Defendant argues that Plaintiff fails to explain why it cannot pursue a Rule 30(b)(6) deposition to obtain the requested discovery. *Id*. Second, Defendant argues that Plaintiff seeks to pursue discovery through the Hague Convention to "prematurely seek[] information concerning the XFO product," a non-accused product, which is the subject of a discovery dispute that awaits adjudication. *Id*. at 10-11. These arguments fail to establish good cause for the non-issuance of Plaintiff's letters of request.

Despite Defendant's arguments to the contrary, Plaintiff's ability to take a Rule 30(b)(6) deposition of Defendant does not render moot Plaintiff's need to take individual depositions of Defendant's relevant, knowledgeable witnesses. Specifically, "Rule 30(b)(6) itself contemplates both individual and corporate depositions[.]" *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, Nos. 11-2684-JWL, 11-2685-JWL & 11-2686-JWL, 2015 WL 3742929, at *8 (D. Kan. June 15, 2015) (quoting FED. R. CIV. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.")). Additionally, while a Rule 30(b)(6) deposition allows the deponent to "present[] the corporation's position on [a] topic," it does not allow the deponent to provide personal opinions. *Id*. (quoting *Miller v. Union Pacic R.R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008) (internal quotations and citations omitted)). Rule 30(b)(1), however, allows the deponent to express his or her own opinions and those opinions do not bind the corporation. *Id*.

The witnesses Plaintiff seeks to depose have been identified in "a substantial number of [Defendant's] technical documents" and have relevant knowledge regarding

4

the parties' claims, defenses, and counterclaims. *Motion* [#122] at 9. Paul Chapman has "knowledge regarding the design and development of the Accused Products, including any variations and improvements[.]" *Id*. at 10.

Gareth Shelley also has "direct knowledge . . . in relation to the design and development of the Accused Products, including any variations and improvements of and/or additions[.]" *Id*. at 12. Defendant's produced documents also indicate that Mr. Shelley is "aware of the existence of ATX's '070 Patent and features of its disclosure and claims." *Id*. Plaintiff also asserts that "Mr. Shelley has firsthand knowledge about [Plaintiff's] competing products and purported benefits of the design of the Accused Products[.]" *Id*.

Robert Preston was "involve[d] in the design, development, and implementation of the Accused Products" and, therefore, he "possesses firsthand knowledge of technical decisions, design features, testing, operation, and development processes that are central to the patent infringement claims in this case." *Id*. at 13.

While Defendant acknowledges that this discovery is relevant, it argues that "Hague Convention requests require more than mere relevance; they require necessity, specificity, and due regard for international comity." *Response* [#134] at 5. Here, the letters of request are necessary because Defendant has refused to make these witnesses available. *See Motion* [#122] at 2-3; *Response* [#134] at 4-5, *Reply* [#143] at 7; *May 7 Disc. Hr'g Tr.* [#76] at 115:19-166:6 (defense counsel explaining that Defendant will not make its foreign-based employees available if Plaintiff will not make its foreign-based employees and consultants available). Because these witnesses live abroad, the Hague

5

Convention provides the means for obtaining discovery from them. *See Openwater Safety*, 2019 WL 13201156, at *2.

To the extent Defendant contends that the letters of request are not specific, the Court disagrees. Each letter identifies eight specific topics and ties each topic to the '070 Patent and the OTTZ product(s). *See Letters of Request* [#122-2, #122-3, #122-4]. While at least one topic encroaches upon a pending dispute regarding the discoverability of information concerning the XFO product(s), Plaintiff "does not intend to proceed with [these] depositions . . . until after" the Court has ruled on Plaintiff's Motion to Compel [#115] and adjudicated the discovery dispute. *Reply* [#143] at 10.

Finally, to the extent Defendant contends these letters of request lack "due regard for comity," the Court also disagrees. In *Aerospatiale*, the Supreme Court noted that it has "long recognized the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation." 482 U.S. at 546. The Court further explained, "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position," such as through excessive "costs and inconvenience." *Id*. As already discussed, the eight proposed topics are specific and likely fall within the individuals' personal knowledge. Further, the burden imposed is likely no greater than if or when Defendant designates each individual as a Rule 30(b)(6) witness. In fact, the burden imposed in the 30(b)(6) context may exceed the 30(b)(1) context because a corporate designee must testify to corporate knowledge, which extends beyond personal knowledge, and thus likely requires more extensive preparation. *See* FED. R. CIV. P. 30(b)(6) ("The persons designated must

6

testify about information known or reasonably available *to the organization*.") (emphasis added).

In sum, Defendant fails to establish good cause to depart from the "routine" issuance of letters of request on a party's motion.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Issuance of Letters of Request for Witnesses in United Kingdom** [#122] is **GRANTED**.

Dated: October 9, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge